### R. A. CLINE v. MARTIN SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—295.]

**Res Adjudicata.**

    If a petition contains two counts for distinct causes of action and evidence is offered only in support of one count, the plaintiff may maintain a new action for the cause to support which no evidence was introduced notwithstanding the verdict and judgment against him.

**Action for Fraud.**

    An action alleging merely a warranty of personal property as to its quality or soundness is no bar to an action for fraud in the sale, and a bill to revise a contract upon equitable grounds where not based upon fraud is no bar to an action at law for the fraud.

### APPEAL FROM PIKE CIRCUIT COURT.

October 30, 1884.

OPINION BY JUDGE PRYOR:

The object of this action was to set aside a mortgage made by Martin Smith to John Smith upon the alleged ground that it was executed with the fraudulent purpose of hindering and delaying the creditors of Martin Smith in the collection of their debts; that the mortgage was without consideration and fraudulent.

The appellees by way of defense after denying the fraud and setting forth the consideration pleaded that an action had been instituted under the statute in regard to conveyances by an insolvent debtor, or in contemplation of insolvency with a design to prefer creditors, and that action resulting in a judgment for the defendants is a bar to the recovery in this case. The court below so decided and this is the error complained of.

We think they are distinct causes of action and while they might have been inserted in separate counts in the same action, as an action on an account and note in two counts, still the failure to do so constitutes no bar to proceedings to subject the property by reason of the fraud of the parties to the mortgage.

A declaration containing two counts with evidence offered as to the first count only will not affect the right to recover on the other where the case as to the second count must be dismissed without

prejudice, or as decided by this court in *Robinson v. Sutton,* 2 A. K. Marshall, 304 (693). If a declaration contain two counts for distinct causes of action and evidence is offered only in support of one, the plaintiff may support a new action for the cause to support which no evidence was introduced notwithstanding the verdict and judgment against him.

If there had been two counts in this case, the one under the act of 1856 and the other for actual fraud, and a judgment upon the final hearing for the defendants we would not be disposed to adjudge that the Chancellor would again open the case with a view of ascertaining to which count the evidence adduced was addressed, but it seems to us in such a case the judgment would be a bar to any further proceeding for the same grounds relied on in either count.

An action alleging merely a warranty of personal property either as to its quality or soundness, is no bar to an action for fraud in the sale, and so if a bill for the revision of the contract upon equitable grounds if not based upon the ground of fraud is no bar to an action at law for the fraud. *Jarman v. Daniel,* 1 J. J. Marshall, 198.

In the action relied on as a bar to the recovery in this case no proof of actual fraud could have been relied on as none was alleged or any issue raised by the pleadings that required a decision as to whether actual fraud had been perpetrated by these parties with a view of hindering creditors in the collection of their debts.

This is a distinct cause of action from the one disposed of and was not a bar to the recovery. As the case went off on that ground it may be proper on the return of the case to permit the appellee to show good faith in the transaction and if not from the facts of the. record before us the transaction should be adjudged fraudulent.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*R. T. Burns, for appellant.*

*L. T. Moore, for appellees.*